U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-06955

ORDER GRANTING RULE 2004 EXAMINATION

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**04/06/2009**



US Bankruptcy Court Judge
District of South Carolina

Entered: 04/07/2009

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 08-06955-DD |
| William Richard Martin, | Chapter 7 |
| Debtor(s). | **ORDER GRANTING RULE 2004 EXAMINATION** |

THIS MATTER is before the Court on Michelle L. Vieira's ("Trustee") Application for Court Order Allowing Rule 2004 Examination ("Application"). Trustee seeks to examine William Richard Martin ("Debtor"). A response was filed by the Debtor on March 16, 2009, and a hearing was held on March 19, 2009. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014[1], the Court makes the following findings of fact and conclusions of law.

*FINDINGS OF FACT*

Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on October 31, 2008. In Debtor's voluntary petition his address is listed as 275 Alexandra Drive, Unit 3, Mt. Pleasant, South Carolina. At some point Debtor decided it was in his best interest to surrender his house and vehicle and move to Colorado. On November 24, 2008 Debtor filed a Notice of Address Change with the Court. Debtor presently resides in Denver Colorado.

Debtor's meeting of creditors pursuant to § 341(a) was scheduled for December 10, 2008. On December 9, 2008 Debtor amended his Schedule B to include a life insurance policy previously omitted and Schedule C to exempt that life insurance policy. On December 11, 2008 the Court was notified that Debtor's meeting of creditors was

---

[1] Further reference to the Federal Rules of Bankruptcy Procedure will be by rule number only and further reference to the Bankruptcy Code will be by section number only.

1

continued.  On December 11, 2008 Trustee instructed Debtor to amend his Schedule B. On December 12, 2008, Debtor amended his Schedule B relating to his checking account, the cash value and face value of his life insurance policy, and an IRA.  The Debtor amended Schedule C claiming an exemption in the cash in his checking account, a life insurance policy, and an IRA.  Debtor also amended his Statement of Financial affairs to report a withdrawal from his IRA and to reflect a closed checking account with BB&T.  Debtor again amended his schedules on December 24, 2008, amending Schedule B to list his wife as the sole beneficiary of his life insurance policy and amending Schedule C to claim an exemption in his life insurance policy.

Debtor's meeting of creditors was held telephonically on January 14, 2009.  Both the Trustee and the United States Trustee state that the Debtor's answers at the meeting of creditors were evasive and inconsistent with the schedules.  In conjunction with the January 14, 2009 meeting the Trustee abandoned all scheduled assets other than the cash, IRA account, life insurance policies, and any 2008 Federal and/or State tax refunds.

On February 12, 2009 the Trustee objected to Debtor's claim of an exemption in the life insurance cash value and in Debtor's IRA account.  The Trustee's objection states that the policy was not initially disclosed and indicates that the Trustee wishes to conduct discovery to address the issue of the late disclosure of the asset and to verify the facts relating to the policy to determine if it is subject to any exceptions pursuant to S.C. Code § 38-63-40.  The Trustee further objects to the exemption in the IRA account stating that the Debtor claimed the IRA as exempt pursuant to S.C. Code § 15-41-30(11)(E) which provides an exemption for a payment under an annuity plan, stating that Debtor is not receiving a payment from the IRA.  The Debtor

2

filed a response to Trustee's objection on March 3, 2009. The objection and response are on the Court's calendar as a contested matter.

On March 11, 2009, the Trustee filed the Application which is the subject of this order. Debtor consents to an examination but does not wish to return to this jurisdiction. The Trustee seeks to conduct the examination in person in order to observe the Debtor's demeanor and to make a determination of his credibility. Debtor states that he wishes to avoid the expense and burden of traveling to South Carolina. The Trustee states that she anticipates addressing a broad range of issues during the Rule 2004 examination.

## *CONCLUSIONS OF LAW*

The Trustee is seeking to examine the Debtor pursuant to Rule 2004.[2] Rule 2004 provides:

> (a) **Examination on motion**
> On the motion of any party in interest, the court may order the examination of any entity.
> (b) **Scope of examination**
> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.
> (c) **Compelling attendance and production of documents**
> The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.
> (d) **Time and place of examination of debtor**
> The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

---

[2] The Trustee also seeks an order for the production of documents. The Debtor has a duty to cooperate with the Trustee and surrender documents. § 521(a)(3) and (4). Otherwise any document request should be pursuant to a proper discovery request or subpoena. The bankruptcy courts provide a specific form subpoena for the production of documents in connection with a Rule 2004 examination. The Court will not order production of documents at a Rule 2004 examination until other avenues for the production of documents have been observed. *See also* Rule 9016 (Fed. R. Civ. P. 45).

3

A Rule 2004 examination plays an essential role in bankruptcy cases, serving as a supplement to the meeting of creditors.  The purpose of an examination under Rule 2004 is permitting the trustee or parties in interest to ascertain the condition and whereabouts of the assets of the debtor's estate.  See *Moore v. Lang (In re Lang)*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989).

The broad general examination of debtors and others to recover assets and uncover fraudulent conduct is a traditional feature of bankruptcy jurisprudence traceable to the first bankruptcy statute enacted by the British Parliament in 1542 during the reign of Henry VIII.  *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997).  Examinations pursuant to Rule 2004 have been characterized as being tantamount to a fishing expedition.  *In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899).  While the initial forum for examination of the debtor is the meeting of creditors, (See §§ 341, 343), the nature of and time constraints upon meetings of creditors can necessitate further examination of a debtor by way of a continued meeting of creditors or an examination pursuant to Rule 2004.

Rule 2004 examinations are different from discovery pursuant to Fed. R. Civ. P. 26 in that they usually occur before the filing of an adversary proceeding or contested matter, while discovery in the context of the Federal Rules of Civil Procedure occurs after the filing of a complaint or motion but before a hearing on dispositive motions or a trial on the merits.  In fact a number of courts have determined that Rule 2004 examinations are not proper once an adversary proceeding has been filed or a contested matter initiated.  *See In re Bennet Funding Group, Inc.*, 203 B.R. 24, 37 (Bankr. N.D.N.Y. 1996); *In re Valley Forge Plaza Associates*, 109 B.R. 669 (Bankr. E.D. Pa.

4

Document    Page 6 of 7

1990); *In re Kipp*, 86 B.R. 490 (Bankr. W.D. Tex. 1988); *In re French*, 145 B.R. 991 (Bankr. D.S.D. 1992); *But cf. In re International Fibercom, Inc.*, 283 B.R. 290, 292-93 (Bankr. D. Az. 2002) (finding that Rule 2004 does not contain any exception precluding discovery when it is available in other pending litigation and holding that courts have the ultimate discretion whether to permit the use of Rule 2004 to obtain discovery in contested matters). Because Rule 2004 examinations are independent of a complaint or contested matter, the examination need not be tied to specific factual allegations and is subject to fewer objections on grounds of relevance that apply to discovery under Fed. R. Civ. P. 26. This is not to say that the scope of the examination is unconstrained. The Rule provides for the scope of examination.

In this case the Debtor has consented to an examination under Rule 2004. The Court was initially concerned that the examination was brought only in connection with the contested matter. This appears not to be the case, as a number of broad based inquiries by the Trustee remain open following the several amendments to Debtor's schedules and the telephonic meeting of creditors. The Debtor contends that holding a Rule 2004 examination presents an undue burden if he is required to travel from Colorado back to South Carolina to appear and be examined. While there is no doubt that the Debtor will incur expenses traveling to the Rule 2004 examination, it must be kept in mind that the Debtor filed his chapter 7 bankruptcy at the time and place of his choosing. Debtor's case is a voluntary bankruptcy and he chose to avail himself of this Court's jurisdiction.

The Trustee accommodated Debtor's relocation by conducting a telephonic meeting of creditors. This proved unsatisfactory. Here, both the Trustee and the United

5

States Trustee expressed a desire to examine the Debtor in a manner that will allow them to assess Debtor's demeanor and credibility. Such an examination is best accomplished in the physical presence of the Debtor. To now limit the Trustee to a telephonic or video examination is not equitable and might suggest to the Trustee that she no longer collegially accommodate telephonic meeting of creditor requests.

It is hereby ORDERED that the Trustee be, and hereby is, authorized to conduct a Rule 2004 examination of Debtor.

It is FURTHER ORDERED that Debtor shall appear in person in this jurisdiction for his Rule 2004 examination. The Debtor shall appear at the King and Queen Building, 145 King Street, Room 225, Charleston, South Carolina on May 5, 2009 at 10:00 a.m. for an examination. The examination is to be recorded by a court reporter.

It is FURTHER ORDERED that information obtained from this Rule 2004 examination may not be utilized in connection with the pending contested matter other than for the purposes of impeachment and as incident to the Trustee's administration of the case.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
April 6, 2009